NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY J. MERGENTHALER, | No.    19-35877 |
| Plaintiff-Appellant, | D.C. No. 9:19-cv-00007-KLD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted October 6, 2020
Portland, Oregon

Before:  PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District Judge.

Gregory Mergenthaler ("Mergenthaler") appeals the district court's

judgment affirming the Social Security Commissioner's partial denial of his

applications for disability insurance benefits and supplemental security income

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–03, 1381–83. We have jurisdiction under 12 U.S.C. § 1291. "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (citation omitted).

1.     The district court did not violate Mergenthaler's due process rights by failing to enforce equally Montana District Court Local Rule 78.2. The agency's brief contained a concise statement of the case, and Mergenthaler cites no relevant authority to support his contention that more was required.

2.     The ALJ did not err in rejecting the medical opinions of Mergenthaler's treating physicians. Initially, by not raising it in the district court, Mergenthaler forfeited his argument that the ALJ erred in rejecting Dr. Allison Cobb's opinion. *See Ford*, 950 F.3d at 1158 n.12. Likewise, Mergenthaler forfeited his argument that the ALJ failed to consider Dr. John Willoughby's August 2018 opinion. And although Mergenthaler sufficiently argued in the district court that the ALJ failed to review and consider Dr. Willoughby's treatment records, the administrative record does not support this contention. Indeed, the ALJ's decision references Dr. Willoughby's treatment records. 20 C.F.R. § 404.1527(b).

The ALJ also provided a "clear and convincing" reason to reject Dr.

Hergenrather's medical opinion. The ALJ rejected Dr. Hergenrather's opinion to the extent that it suggested that Mergenthaler was incapable of any gainful employment because Dr. Hergenrather "only considered whether [Mergenthaler] could perform his past work as a custodian" and not other available work. The record supports that explanation—although Dr. Hergenrather identified several functions that Mergenthaler could not perform, she imposed a full medical restriction in the context of Mergenthaler's custodian job. Thus, there is no reason to disturb the ALJ's treatment of Dr. Hergenrather's medical opinion.

**3.** The ALJ did not err in his treatment of "other source" evidence. Initially, we reject Mergenthaler's invocation of an "interdisciplinary team exception," which we have never recognized in the Title II context. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996)); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 n.3 (9th Cir. 2012). We accordingly treat Greg Shanks, a licensed therapist, as an "other source." To reject the opinions of an "other source," the ALJ must provide a "germane" reason. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017).

The ALJ assigned "minimal weight" to Shanks's October 2015 opinion that Mergenthaler's mental health symptoms precluded any work activity during the relevant period because Shanks's opinion was not supported by his contemporaneous treatment notes prior to the date last insured. Shanks's 2015

3

opinion acknowledged "a big reduction of [Mergenthaler's] PTSD symptoms to a sub clinical level." Shanks's treatment records indicated that Mergenthaler's PTSD was well controlled by March 17, 2011, PTSD was no longer a supportable diagnosis by June 1, 2011, and that Mergenthaler's depressive symptoms were also controlled. The ALJ's reason for rejecting Shanks's opinion was thus "germane" and supported by substantial evidence. *See Coleman*, 979 F.3d at 757; *Ford*, 950 F.3d at 1154.

We reject Mergenthaler's argument that the ALJ failed to provide a sufficient reason to reject employment records from the University of Montana. While relevant, these records do not provide an opinion about Mergenthaler's impairments. Therefore, the ALJ was not required to provide "germane" reasons to discount the records.

4. The ALJ provided clear and convincing reasons for discounting Mergenthaler's own testimony. Contrary to Mergenthaler's argument, the ALJ did not rely on a generalized adverse credibility determination but instead permissibly considered "inconsistencies . . . between testimony and conduct." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). Specifically, the ALJ did not credit Mergenthaler's testimony regarding the frequency of his syncopal episodes and flashbacks because of his other testimony explaining that he regularly drove his car during that period, never experienced an episode while driving, and was only

4

briefly placed on a medical restriction from driving.  Therefore, the ALJ's adverse credibility determination is supported by specific, clear, and convincing reasons.

**AFFIRMED.**